OPINION
 STATEMENT OF THE FACTS AND CASE
On August 6, 1999, at approximately 10:00 p.m., Appellant and some friends patronized a local nightclub by the name of Bentley's.
Appellant admits to drinking one or two beers while at Bentleys, but stated that he did not exceed three beers. (T. at 141).
About three hours later, sometime after 1:00 a.m., Appellant and his friends returned to the home of the Appellant. (T. at 132, 141).
Appellant's friends testified that they did not see Appellant drink any alcoholic beverages after arriving home. (T. at 133-134, 141).
At about 3:00 a.m., Appellant left his home on his bicycle to go for a bike ride.
Officer Roden testified that he saw Appellant riding his bicycle toward him down the center of the street, swaying back and forth. (T. at 61)
Upon Appellant's approach, Officer Roden yelled to Appellant and attempted to get Appellant's attention to inform him to ride on the right hand side of the road. (T. at 59-61).
When Appellant did not respond, Officer Roden activated his overhead lights, turned his cruiser around and followed Appellant. (T. at 63-65).
Upon approaching Appellant, Officer Roden observed Appellant suddenly apply the brakes on his bicycle and catapult head first over the handlebars. (T. at 66-67).
Another police officer, Captain Robert Everett was nearby and witnessed the incident and stopped to assist. (T. at 72, 116-147).
Both officers testified to smelling a moderate odor of alcohol. (T. at 72-72, 117).
Upon inquiry as to consumption, Appellant admitted to having had a few beers. (T. at 73).
Appellant was asked to recite the alphabet, which he could not complete. (T. at 74-76, 109).
Appellant refused to perform the finger-dexterity test. (T. at 150).
Appellant was placed under arrest.
Appellant was charged with a violation of R.C. § 4511.19 and was asked to submit to breath-alcohol test. Appellant refused. As a result of such refusal, the Bureau of Motor Vehicles imposed a one year administrative license suspension (ALS).
On August 12, 1999, Appellant was arraigned and pled not guilty to the charge of R.C. § 4511.19(A)(1).
On August 20, 1999, Appellant filed a pro se Motion to Dismiss.
On September 29, 1999, following a hearing, the trial court overruled Appellant's Motion to Dismiss.
On October 14, 1999, Appellant's attorney filed a motion for leave to file a Motion to Suppress.
On March 13, 2000, an oral hearing was held on Appellant's Motion to Suppress.
On July 14, 2000, the trial court overruled Appellant's Motion to Suppress.
On May 22, 2001, a one day jury trial commenced with the jury returning a verdict of guilty.
Appellant was sentenced to four days in jail, with said sentence stayed pending appeal.
On June 12, 2001, Appellant filed a notice of appeal of his conviction.
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE THE POLICE OFFICER LACKED REASONABLE SUSPICION OF CRIMINAL ACTIVITY TO WARRANT THE STOP AND PROBABLE CAUSE TO ARREST APPELLANT FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL.
 II. THE JURY'S VERDICT OF GUILTY WAS NOT SUPPORTED BY THE EVIDENCE, OR IN THE ALTERNATIVE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I.
Appellant claims the trial court erred in denying his motion to suppress. We disagree
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." It is based on this standard that we review appellant's first assignment of error.
Appellant asserts that the officer did not have reasonable and articulable suspicion leading to probable cause to stop and arrest appellant for driving under the influence of alcohol.
In the case sub judice, we agree with the trial court that the "officer never effectuated a stop". However, even if we were to find that a "stop" occurred, we find that such a stop would have been warranted under the circumstances as Appellant was violating a number of traffic ordinances, i.e. not driving on the right side of the roadway, failure to use arm signals, failure to have a visible light lamp when riding after dark.
We further find that the officer had probable cause to arrest Appellant. As to probable cause, the Ohio Supreme Court recently addressed the issue as it relates to an arrest for driving under the influence, in the case of State v. Homan (2000), 89 Ohio St.3d 421. In the Homan
case, the Court explained that:
 In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. [Citations omitted.] In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. [Citations omitted.] Id. at 427.
Officer Roden and Captain Everett both testified that Appellant smelled of alcohol. Appellant admitted to drinking alcohol. Appellant had difficulty standing and maintaining his balance. Appellant was unable to recite the alphabet. Appellant refused to complete a field sobriety test. Based on same, we conclude that the officer had reasonable, articulable suspicion to believe that appellant was operating his bicycle while under the influence of alcohol.
As discussed above, when examining the totality of the circumstances, we find that the trial court's decision that there was reasonable and articulable suspicion to stop and probable cause to arrest appellant for driving while under the influence was not error. While appellant may not have displayed every possible indication of intoxication and there are always possible explanations for certain behavior and characteristics other than intoxication, we find that there were sufficient indications of intoxication to justify Officer Roden's actions.
Appellant's first assignment of error is overruled.
 II.
In his second assignment of error, appellant asserts that the jury's verdict was not supported by the evidence and/or was against the manifest weight of the evidence. We disagree.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held that:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997),78 Ohio St.3d 380, 387(citing State v. Martin (1983), 20 Ohio App.3d 172,175). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
Construing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant was Driving Under the Influence of Alcohol, in violation of R.C. § 4511.19(A)(1).
Further, pursuant to the testimony of Officer Roden and Captain Everett, we find that the jury's verdict did not create a manifest miscarriage of justice and, therefore, was not against the manifest weight of the evidence. The jury did not lose its way in convicting appellant of Driving Under the Influence of Alcohol.
Appellant's second assignment of error is overruled
The judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed.
By BOGGINS, J. EDWARDS, P.J. and WISE, J. concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed. Costs to Appellant.